IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-67,825-02




EX PARTE JOE ISAAC JOHNSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 18,819 IN THE 258TH DISTRICT COURT
FROM POLK COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to thirty-five years’ imprisonment. The Ninth Court of
Appeals affirmed his conviction. 09-07-00504-CR (Tex. App.–Beaumont, delivered December 17,
2008). 
            Applicant contends that his trial counsel rendered ineffective assistance because he failed to
file a motion to suppress based on an illegal search of Applicant’s vehicle, failed to file a motion to
suppress the pre-trial and in-court identifications of Applicant, and failed to object to hearsay
testimony which violated Crawford v. Washington, 541 U.S. 36 (2004). 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant’s trial counsel to submit an affidavit responding to Applicant’s claims of
ineffective assistance of counsel. In addition, the trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the performance of Applicant’s trial
attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 25, 2010
Do not publish